UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-02254-MRA-SSC | Date | April 29, 2025 |
|---|---|---|---|
| Title | Gerald Blakeney v. Miles Kristopher Shipps, et al. | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**   **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF 11]**

Before the Court is Plaintiff's Motion to Remand (the "Motion"). ECF 11. The Court read and considered the Motion and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. The May 5, 2025, hearing is therefore vacated and removed from the Court's calendar. For the reasons stated herein, the Court **GRANTS** the Motion.

**I.   BACKGROUND**

On August 19, 2024, Plaintiff Gerald Blakeney ("Plaintiff" or "Blakeney") commenced this action in Los Angeles County Superior Court. *See* ECF 1 ¶ 1, at 2. Plaintiff's First Amended Complaint ("FAC") was served on Defendant Walmart, Inc. ("Walmart") on August 27, 2024. ECF 1 (Torres Decl.) ¶ 4, Ex. A (FAC). The FAC alleges that on May 31, 2024, Defendant Miles Christopher Shipps ("Shipps"), in the course of his employment with Walmart, negligently caused a traffic collision with Blakeney's vehicle, resulting in injury to Blakeney. FAC ¶¶ 7-8.

On October 14, 2024, Plaintiff served his Statement of Damages for the sum of $500,000 in special damages and $1,000,000 in general damages. Torres Decl. ¶¶ 2, 7, Ex. E. On March 6, 2025, Plaintiff filed a Request for Entry of Default against Shipps, indicating proof of service at an address in Flat Rock, Michigan (the "Flat Rock address"). ECF 11-2 (Koontz Decl.) ¶ 2, Ex. 2. A copy of Plaintiff's Proof of Service, dated February 26, 2025, indicates that Shipps was served by substituted service at the Flat Rock address. *Id.* ¶ 1, Ex. 1. On March 13, 2025, Walmart removed this action to federal court, contending that the Court has diversity jurisdiction under 28 U.S.C. § 1332 and that removal is timely because it was made within 30 days of service of Plaintiff's Request for Entry of Default. ECF 1 ¶¶ 4, 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-02254-MRA-SSC | Date | April 29, 2025 |
|---|---|---|---|
| Title | Gerald Blakeney v. Miles Kristopher Shipps, et al. | | |

On March 24, 2025, Plaintiff filed the instant Motion to Remand, arguing in relevant part that Shipps and Plaintiff are both citizens of California and therefore not diverse.[1] ECF 11 at 4-9. Walmart filed an Opposition, responding that Shipps is a citizen of Michigan. ECF 12. Plaintiff filed a Reply. ECF 15.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardians Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Removal of a state action to federal court is only proper if the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c). The removing defendant bears the burden of establishing by a preponderance of the evidence that removal is proper. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

Where removal is sought based on diversity jurisdiction, the party asserting jurisdiction must show that (1) the opposing parties are "citizens of different States," and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "Citizenship is determined as of the date the case became removable." *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (quotation marks and citation omitted).

A party's citizenship for purposes of diversity jurisdiction is controlled by the party's domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Domicile refers to the person's permanent home, meaning the place where the person "resides with the intention to remain or to which [the person] intends to return." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986)). While no single factor controls, domicile may be determined through the following factors: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750.

//

---

[1] There is no dispute that Walmart is a citizen of Delaware and that the amount in controversy requirement is met. ECF 1 ¶¶ 7, 8; *see* ECF 11 at 4-5; ECF 12 at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-02254-MRA-SSC | Date | April 29, 2025 |
|---|---|---|---|
| Title | Gerald Blakeney v. Miles Kristopher Shipps, et al. | | |

### III. DISCUSSION

Plaintiff argues that Shipps is a citizen of California based on his representations to Plaintiff, his California driver's license, and his vehicle registration.[2] ECF 11 at 9. Specifically, Shipps provided Blakeney with his name and a West Hollywood, California address (the "West Hollywood address") at the time of the accident. ECF 11-3 (Blakeney Decl.) ¶ 1. Shipps also showed Blakeney his California driver's license reflecting the same West Hollywood address. *Id.* ¶ 2. Blakeney photographed the driver's license and the license plate on Shipps' vehicle. *Id.* ¶¶ 2, 3, Exs. 1, 2. A private investigator, David Boykoff, retained by Blakeney attempted to serve Shipps at the West Hollywood address, but was unable to access the building. ECF 11-4 (Boykoff Decl.) at 2. Boykoff ran a California Department of Motor Vehicle ("DMV") search of the license number and license plate. *Id.* at 2. He learned that Shipps had been ticketed in December 2022 and convicted in March 2023 for a traffic violation. *Id.* at 2, Exs. 3, 4. He also learned that the vehicle is owned by Shipps, and its registration was renewed in December 2024, approximately seven months after the accident. *Id.* at 2, Exs. 5, 6.

Walmart primarily argues that Plaintiff's Proof of Substituted Service reflects a judicial admission that Shipps resides in Michigan. ECF 12 at 6-7. Not so. "[A] judicial admission is an unequivocal concession of the truth of a matter. Thus, unclear, equivocal, uncertain, or ambiguous statements do not create binding judicial admissions." *Williams v. Doctors Med. Ctr. of Modesto, Inc.*, 100 Cal. App. 4th 1117, 1140 (2024) (internal citation omitted). The Proof of Substituted Service reflects that Shipps was served by substituted service at the Flat Rock address. Under California law, substituted service is effectuated by "leaving a copy of the Summons and Complaint at the person's dwelling house, usual place of abode, usual place of business, *or usual mailing address* . . . , in the presence of a competent member of the household[.]" Cal. Civ. Proc. Code § 415.20(b) (emphasis added). Shipps was served at the Flat Rock address because it was his mailing address, *not* because it was his dwelling house or usual place of abode. Boykoff states that after being unable to serve Shipps at the West Hollywood address, he located Shipps' mother in Michigan, conducted a United States Postal Service search, and learned that Shipps received mail at his mother's address—the Flat Rock address. Boykoff Decl. at 2.

Walmart points to additional evidence of Shipps' purported domicile in Michigan, none of which the Court finds particularly persuasive. *First,* Walmart shows that Shipps' voter registration profile indicates that he registered to vote in Michigan in November 2020, and his status remains "active." ECF 12 (Torres Decl.) ¶ 8, Ex. 2. As Plaintiff notes, this reflects that

---

[2] Walmart submitted several evidentiary objections to statements made in the declarations of Gerald Blakeney and David Boykoff, which are unfounded and overruled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-02254-MRA-SSC | Date | April 29, 2025 |
|---|---|---|---|
| Title | Gerald Blakeney v. Miles Kristopher Shipps, et al. | | |

Shipps was once registered to vote in Michigan, ECF 15 at 9, but it does not controvert Plaintiff's more recent proof. *Second*, Walmart presents a LexisNexis records search that reveals that Shipps once had a Michigan driver's license. *Id.* ¶ 15, Ex. 6. But as Plaintiff aptly explains, LexisNexis is not a verifiable publicly maintained database. ECF 15 at 9. For instance, the search does not indicate when the Michigan driver's license was issued or when it expires. The proof submitted by Plaintiff that Shipps was more recently issued a California driver's license further diminishes the reliability of the LexisNexis record. *Third*, Walmart argues that a search of the "Michigan Residential Database" indicates that Shipps lives in Flat Rock, Michigan. *Id.* ¶ 16, Ex. 7. Plaintiff questions the reliability of this database. ECF 15 at 10. The Court agrees that, at a minimum, it does not reflect *when* Shipps resided in Michigan and therefore does not controvert Plaintiff's proof.

Walmart has not satisfied its burden of demonstrating diversity of citizenship by a preponderance of the evidence. Specifically, the evidence presented—particularly Shipps' California driver's license and vehicle registration—indicates that Shipps is a citizen of California, not Michigan. As such, the citizenship of Plaintiff and Shipps is not diverse. Because the Court finds that it lacks subject matter jurisdiction, it need not address whether removal was timely. Accordingly, the Court **GRANTS** Plaintiff's Motion.

### IV. CONCLUSION

For the foregoing reasons, the Motion to Remand is **GRANTED**. The May 12, 2025, Scheduling Conference is also **VACATED** and removed from the Court's calendar. This case shall be **REMANDED** to Los Angeles County Superior Court under the following case number: 24STCV16117.

**IT IS SO ORDERED.**

|  | - : - |
|---|---|
| Initials of Deputy Clerk | gga |